IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Progressive Church of Our Lord Jesus Christ, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Progressive Church of Our Lord Jesus Christ-Tallahassee, Inc., <br><br> Defendant. | C/A No.: 3:19-cv-03541 <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Pending before the Court is a "motion to reconsider" filed by Defendant Progressive Church of Our Lord Jesus Christ – Tallahassee, Inc. ("Defendant"). (ECF No. 37). Defendant moves for reconsideration of the Court's Order of April 1, 2021, granting Plaintiff Progressive Church of Our Lord Jesus Christ, Inc.'s ("Plaintiff" or "Progressive Church") motion for summary judgment with respect to its claim for declaratory judgment against Defendant. (ECF No. 35). For the reasons discussed below, the Court denies Defendant's motion (ECF No. 37).[1]

## I. LEGAL STANDARD

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment

---

[1] The factual history underlying this case is set out at length in this Court's previous order (ECF No. 35) and need not be recounted herein to resolve the current motion before the Court.

1

if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).

In similar fashion, motions to amend under Rule 52(b), FRCP, are raised to "challenge[] some of the court's findings of fact and omissions . . . ." *Goodwin v. Cockrell*, No. 4:13-CV-199-F, 2015 WL 12851581, at *1 (E.D.N.C. Dec. 30, 2015). "Motions made under Rule 52(b) 'are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories.'" *Id.* (quoting *Wahler v. Countrywide Home Loans, Inc.*, No. 1:05CV349, 2006 WL 3327074, at *1 (W.D.N.C. Nov. 15, 2006)). "'Instead, these motions are intended to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* "[A] motion for reconsideration 'is not a license for a losing party's attorney to get a second bite at the apple.'" *In re Pella Corp. Architect & Designer Series Windows Mktg., Sales Practices & Prod. Liab. Litig.*, 269 F. Supp. 3d 685, 703 (D.S.C. 2017) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F.Supp.2d 310, 321 (D. Md. 2014)).

A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

## II. DISCUSSION

Absent from Defendant's motion and supporting memorandum is a legal standard upon which the motion is based. As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as a motion to alter or amend the judgment under Rule 59(e). Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.); *Doe v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins*. Co., 148 F.3d 396, 403 (4th Cir. 1998)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

3

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process. In the view of this Court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court—the motion is basically an attempt to reargue issues already fully briefed and decided by this Court.

First, Defendant challenges the finding by the Court that the Plaintiff represents an incorporation of the Progressive Church of Our Lord Jesus Christ. Yet the factual dispute raised by Defendant's motion as to the Progressive Church's incorporation and membership was already raised by the parties and ruled upon by this Court. Next, Defendant challenges the Court's finding that Progressive Church is a hierarchical church. However, the issue as to whether the Progressive Church is a hierarchical church has been argued and decided. Defendant cannot now re-litigate that issue. Accordingly, the Court denies Defendant's motion as to these points.

Third, Defendant challenges that this action is properly brought by the governing authority of Progressive Church of Our Lord Jesus Christ, Inc. The issue of whether the current Board of Bishops is the duly appointed or elected governing authority of the Progressive Church has been raised by the parties and ruled upon by this Court. To the extent Defendant alleges that the Progressive Church has no standing to bring the present suit, such an argument is a new argument and is disregarded by this Court. *Goodwin v. Cockrell*, No. 2015 WL 12851581, at *1 (E.D.N.C. Dec. 30, 2015) (quoting *Wahler*, 2006 WL 3327074, at *1) ("Motions made under Rule 52(b) 'are not intended merely to relitigate

old matters *nor are such motions intended to allow the parties to present the case under new theories*.'") (emphasis added).

Finally, Defendant asserts "[t]hat the Plaintiff is not entitled to Summary Judgment." (ECF No. 37-1 at 3). Defendant appears to be asking the Court to reverse the entry of summary judgment against Defendant simply because it is the non-movant and "[t]he Court acknowledges its obligation to view the facts and inferences in the light most favorable to the opposing party." (ECF No. 37-1 at 1). Defendant appeals to "the doctrine that all evidence must be construed in the light most favorable to the party opposing summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986). The aforementioned doctrine governing the sufficiency of evidence was already applied by this Court in its evaluation of the Progressive Church's Motion for Summary Judgment. Even construing all evidence in the light most favorable to Defendant, the Court granted summary judgment. *See* (ECF No. 35 at 7, n.2) ("To the extent any facts are disputed, the Court has construed these facts, and all inferences to be drawn therefrom, in the light most favorable to the nonmoving party—here, Defendant.").

The present motion is merely an attempt for the "'losing party's attorney to get a second bite at the apple.'" *In re Pella Corp. Architect & Designer Series Windows Mktg., Sales Practices & Prod. Liab. Litig.*, 269 F. Supp. 3d at 703 (quoting *Bey*, 997 F.Supp.2d at 321). Defendant's motion and supporting memorandum do not present an issue that was raised by a party in relation to the Progressive Church's Motion for Summary Judgment but not ruled upon by this Court, or ruled upon by this Court but not raised by a party.

Defendant has further failed to present an issue in which the Court committed a manifest error of law or fact, nor has Defendant produced newly discovered evidence to challenge the Court's grant of summary judgment. Defendant's motion is thus without basis or support. It is, therefore, respectfully denied.

### III. CONCLUSION

For the above reasons, the motion to alter or amend the judgment (ECF No. 37) is denied.

IT IS SO ORDERED.

June 14, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge